THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
VÍCTOR ERAUSQUÍN MARTÍNEZ and LUIS A. URBIA PÉREZ,
Defendants and Appellants.

No. CR-67-50.     Decided May 6, 1968.

*Enrique Miranda Merced* and *E. Armstrong Watlington* for appellants. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Ida Cardona Hernández, Assistant Solicitor General,* for The People.

PER CURIAM: Appellants, Víctor Erausquín Martínez and Luis A. Urbia Pérez, and another person named José Heriberto Vázquez Sánchez were jointly accused of a violation of § 29 of the Narcotics Act in that they, in concert and mutual agreement, had in their possession and control the narcotic drug known as heroin.

Defendant Vázquez Sánchez pleaded guilty and on a subsequent date the appellants were tried before a jury and found guilty. They filed a motion for a new trial which was denied.

The evidence for the prosecution, believed by the jury as well as by the judge, showed that the police had received complaints in the sense that in the section known as "La Perla" there were unoccupied houses which were used as hide-outs by drug-addicts where they injected themselves. On Janu-

ary 15, 1966, at about four o'clock in the afternoon policemen Jorge Muñiz, José Ayala, and Soto Calderón, were patrolling that section. They noted that there were three persons in a vacant house. They entered and one of those persons, defendant Erausquín, dropped a black wallet onto the floor. The other defendant, Urbia, had in his hand one of those small envelopes known as decks. Policeman Muñiz took the wallet, opened it and found therein seven decks of heroin. They arrested said persons.

The evidence for the prosecution describes the house where the defendants were found, as a vacant house where nobody lives. It had one room only, there was no furniture. It had no windows or doors although it had the openings for a window and a door; that is the window and door frames.

The evidence seized was delivered to the police chemist that same afternoon and after it was analyzed all the decks were positive as to heroin.

The evidence for the defense merely sought to establish that the house where the defendants were caught was the residence of one of them, Erausquín; that said house was furnished and had a window and a door.

The evidence in rebuttal for the prosecution established that subsequent to the occurrence of the events, the house was altered and a door and two windows were installed.

It is alleged on this appeal that the trial court committed error (1) in not ordering to suppress the evidence seized because the same was the product of an illegal search and in charging the jury as to the circumstances under which they should consider or refrain from considering such evidence; (2) the excessive intervention of the judge deprived appellants of a fair and impartial trial; (3) in invading the field reserved to the jury, communicating findings of fact to the latter, and (4) in urging the jury to return a verdict.

The first error was not committed. After the evidence of both parties concerning the description of the house where

4

defendants were caught was heard, and after also hearing the evidence for the prosecution on the circumstances under which the evidence was seized, since on this particular the defense did not present any evidence, the judge admitted the evidence. For the purposes of whether or not the evidence seized should be considered, the judge permitted in his instructions that the jury settle the conflict in the evidence. Evidently the jury, in finding defendants guilty, did not give credit to the evidence for the defense and considered the evidence seized.

■ The constitutional guarantee against illegal searches and seizures does not cover the search of abandoned structures, nor the seizure of evidence which is abandoned or thrown by a person. *People* v. *Saura Gómez*, 90 P.R.R. 780 (1964); *People* v. *González*, 83 P.R.R. 432 (1961); *People* v. *Del Valle*, 83 P.R.R. 439 (1961).

■ On the other hand, considering that the policeman who testified at the trial saw one of the defendants who had a small envelope, of those known as decks, in the hand, the arrest carried out was lawful pursuant to the provisions of Rule 11 of the Rules of Criminal Procedure.

■ The excessive intervention of the judge in the examination of the witnesses, alleged in the second assignment of errors, does not justify in this case the reversal of the judgments appealed from.

The judge asked policeman Muñiz as well as the witnesses for the defense questions aimed to determine whether the house where defendants were caught was actually an abandoned, uninhabited house, without doors or windows or whether, on the contrary, it was the residence of one of the defendants and had furniture, doors, and windows. His intervention in the examination in this aspect is justified if it is considered that it was incumbent upon the judge to weigh the evidence in order to decide the contention concern-

ing the legality of defendants' arrest and the seizure of the evidence since the policemen did not have a bench or a search warrant. The judge's intervention in the course of the proceeding does not give us the impression of injuring the right of the defendants to a fair and impartial trial.

■ In the third assignment of errors appellants complain that the judge invaded the field reserved to the jury because in concluding his instructions he told them to be careful upon tampering with the objective evidence "since it has been established that it is heroin and therefore in tampering with it be careful not to impregnate your hands with it because it could have evil effects on you, . . . ."

Although we do not approve of such an instruction, considering the attendant circumstances in this case, we do not believe that the judgments appealed from should be reversed on that ground.

The uncontroverted evidence for the prosecution established that the envelopes seized on defendants contained heroin. Attorney Tejada when cross-examining policeman Muñiz referred to that evidence as heroin. The observation challenged was made by the judge when he had delivered all his instructions. We do not believe that it prejudiced appellants' substantial rights.

■ Finally, we also do not believe that the verdict rendered was the result of coercion or intimidation on the part of the judge.

The jury was brought to the courtroom on more than one occasion to investigate the possibility that they could return a verdict. On one of those occasions the jury informed that they were divided 8 to 4 without saying whether it was to convict or to acquit. On repeated occasions the judge requested the jury to make an effort in order to reach a verdict but he always explained that said verdict should be the result of a serene weighing of the evidence presented and admitted

and that the element of the time they would take to decide should not influence their minds.

Circumstances revealing that the verdict rendered was the result of coercion or intimidation on the part of the judge are not present in this case. See *People* v. *Rivera*, 77 P.R.R. 628 (1954).

For the reasons stated the judgments appealed from will be affirmed.